IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 11 |
| TIMBERVIEW VETERINARY | : |
| HOSPITAL, INC. a/k/a TIMBER VIEW | : CASE NO. 1-14-02535 |
| VETERINARY, INC . | : |
| | : |
| Debtor | : |

## APPLICATION OF THE DEBTOR FOR AN ORDER UNDER 11 U.S.C. §§327(a) AND 329 AUTHORIZING EMPLOYMENT AND RETENTION OF METTE, EVANS & WOODSIDE AS ATTORNEYS FOR THE DEBTOR *NUNC PRO TUNC* TO MAY 30, 2014

TO THE HONORABLE UNITED STATES JUDGE MARY D. FRANCE:

The Application of Timberview Veterinary Hospital Inc., ("Debtor"), by and through its proposed counsel, for an Order Under 11 USC §§327(a) and 329, Authorizing the Employment and Retention of Mette, Evans & Woodside As Attorneys for the Debtor *Nunc Pro Tunc* to May 30, 2014, in support of which the Debtor has submitted the Affidavit of Henry W. Van Eck, sworn to on May 30, 2014(the "Van Eck Affidavit"), is as follows:

### Background

1.  On May 30, 2014, the Debtor filed a Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101, et seq. The Debtor continues to conduct its business and affairs as a debtor-in-possession in accordance with 11 U.S.C. §§1107 and 1108.

2.  At this time, no trustee, examiner or creditors' committee has been appointed in the Debtor's case.

3.  The Court has jurisdiction over this application pursuant to 28 U.S.C §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C §§ 1408 and 1409. The statutory predicates for the

relief requested herein are §§327 and 329 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016.

4. Debtor is the operator of a veterinary hospital in Dillsburg, Pennsylvania.

### Relief Requested

5. By this Application, the Debtor seeks to employ and retain Mette, Evans & Woodside as its principal bankruptcy counsel to represent it as a Debtor-in-Possession in this bankruptcy case effective as of the Petition Date. Accordingly, the Debtor respectfully requests the entry of an order under §§327(a) and 329 of the Bankruptcy Code authorizing it to employ and retain Mette, Evans & Woodside as its attorneys under a general retainer to perform the legal services that will be necessary during the Chapter 11 case, as more fully described below. A form of the proposed order is attached hereto.

6. The Debtor has selected Mette, Evans & Woodside for the reason that it believes Mette, Evans & Woodside is needed for the Debtor to properly perform its duties and functions; Mette, Evans & Woodside has extensive experience in matters of this character; and the Debtor believes that Mette, Evans & Woodside is well-qualified and uniquely able to represent it in this proceeding in an efficient and timely manner.

7. The professional services which Mette, Evans & Woodside shall render include, but are not limited to, the following:

(a) To give the Debtor legal advice regarding its powers and duties as Debtor-in-Possession in the continued operation of its business and management of its property.

(b) To prepare and file on behalf of the Debtor, as Debtor-in-Possession, the original Petition and Schedules, and all necessary applications, complaints, answers, orders, reports and other legal papers;

(c) To represent the Debtor in any matters involving contests with secured or unsecured creditors;

(d) To negotiate and prepare on behalf of the Debtor's plan of reorganization and related documents;

(e) To perform all other legal services for the Debtor, as Debtor-in-Possession, which may be necessary.

8. It is necessary and essential for the Debtor, as Debtor-in-Possession, to employ experienced counsel to provide the foregoing legal services.

9. Mette, Evans & Woodside has indicated a willingness to act on behalf of the Debtor and render the necessary professional services as attorneys for the Debtor.

10. To the best of the Debtor's knowledge, Mette, Evans & Woodside represents no other entity in connection with this case, is a "disinterested person" as that term is defined in §101(14) of the Bankruptcy Code, and represents or holds no interest adverse to the interests of the estate with respect to the matters upon which it is to be employed.

11. Because of the extensive legal services required, the Debtor desires to employ Mette, Evans & Woodside on a general pre-petition retainer of $8,110.00. The retainer is for opening the file and for engaging Mette, Evans & Woodside. Services performed will be credited against the retainer which will be security for such services and expenses, with the retainer to be applied upon approval of the Court. Upon this retainer being utilized in full, the Debtor will be billed by Mette, Evans & Woodside, with such bills to be paid based upon further Orders of the Court. All charges will be billed at the firm's standard hourly billing rates otherwise in effect for comparable work performed by the law firm, such rates currently being:

Henry W. Van Eck . . . . . . . . . . . . . . . . . $300.00

      Associates ....................... $200.00

      Paralegal Time .................... $115.00

Any fees and expenses and payments to Mette, Evans & Woodside shall be subject to the review of the Court, and the provisions of 11 U.S.C. §330 and Rule 2016 of the Rules of Bankruptcy Procedure.

12.    The hourly rates set forth above are the firm's standard hourly rates for work of this nature. These rates are set at a level designated to compensate the firm fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. Expenses charged clients include, among others, telephone and telecopier charges; mail and express mail charges; photocopying charges; travel expenses; and computerized research. The firm will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to the firm's other clients and consistent with those rates permitted by the Bankruptcy Court.

13.    Accordingly, the Debtor requests that it be authorized as Debtor-in-Possession to employ Mette, Evans & Woodside to represent it effective as of the date of the filing of its bankruptcy petition in this case, with compensation and reimbursement of expenses to be paid in such amounts as this Court may allow after the submission of applications in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and any procedures as may be fixed by order of the Court.

Case 1:14-bk-02535-RNO    Doc 6    Filed 05/30/14    Entered 05/30/14 13:39:03    Desc
Main Document    Page 4 of 5

WHEREFORE, the Debtor respectfully requests that its employment of Mette, Evans & Woodside under a general retainer to represent it as Debtor-in-Possession in this proceeding under Chapter 11 of the Bankruptcy Code be approved by the Court, and that it have such other and further relief as is proper and just.

Respectfully submitted,

METTE, EVANS & WOODSIDE

Date: 5/30/14

By: /s/ Henry W. Van Eck
Henry W. Van Eck
3401 North Front Street
Harrisburg, PA 17110
(717) 232-5000