| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| TIMBERVIEW VETERINARY | : | |
| HOSPITAL, INC. a/k/a TIMBER VIEW | : | CASE NO. 1-14-02535 |
| VETERINARY, INC. | : | |
|    Debtor | : | |

## NOTICE TO CREDITORS AND
## OTHER PARTIES IN INTEREST REGARDING FIFTH AND FINAL
## APPLICATION FOR INTERIM COMPENSATION AND EXPENSES

  Pursuant to Bankruptcy Rule 2002(a)(6) you are hereby notified that the Debtor's counsel Mette, Evans & Woodside, by Henry W. Van Eck, has filed a Application for Interim Compensation and Expenses whereby the Applicant requests approval of fees in the amount of $37,197.00 and expenses totaling $1,700.00 for the time period beginning May 30, 2014 through February 28, 2015 in the above captioned matter. A copy of the Application is available for inspection upon request.

  Anyone wishing to object to the Application must do so in writing. Any Objection shall be in accordance with the Federal Rules of Bankruptcy Procedure, must set forth the basis for such Objection, and must be filed with the Clerk of the United States Bankruptcy Court at the address set forth below, on or before the expiration of the Twenty-first (21st) calendar day after the date of this Notice. The objecting party shall appear at any hearing on this Motion. Unless Objections are timely filed, and the objecting party appears at the hearing, the Court may approve the Application as set forth above.

  A copy of any Objection to the Application must be served on Debtor's counsel, Henry W. Van Eck, Esquire, 3401 North Front Street, Harrisburg, Pennsylvania 17110, such that he has receipt of such Objection on or before the expiration of the twenty-first (21st) calendar day after the date thereof.

            CLERK
            UNITED STATES BANKRUPTCY COURT
            MIDDLE DISTRICT OF PENNSYLVANIA
            P. O. BOX 908
            HARRISBURG, PA 17152-0908

Date: March 9, 2015

## First Narrative

  This narrative covers services that were rendered by Mette, Evans and Woodside during the time period beginning May 30, 2014 through February 28, 2015:

The Debtor was insolvent at the time it filed bankruptcy. Certain assets, including real and personal property were at risk. The majority of the attorney's time dealt with matters involving negotiations with various secured and unsecured creditors; including settlements thereof; preparing motions to use cash collateral; preparing applications to employ; preparing and filing Schedules of case and chapter 11 statements of financial affairs and other documents; preparing, receiving and responding to various correspondence from creditors; researching, negotiating, preparing and filing first day motions; meetings with client to discuss exit strategies and financial concerns; employing a financial advisor to assist with exit strategy and budget projections; negotiate with post-petition utility providers; compiling a preparing schedules and statements in accordance with 11 U.S.C. §521; attendance at 341 meeting of creditors; conferences with taxing authority such as the IRS and Department of Revenue; address insurance issues and concerns; request and secure necessary appraisals of assets for preparation of Chapter 11 plan.; preparation of a chapter 11 plan and disclosure statement. The attorney also engaged in legal research for each of the above matters, as necessary; conducted meetings with the client and with various creditor attorneys; attended hearings; negotiated stipulations and agreements relative to various motions filed within the case including motions filed by creditors; and regular representation of the Debtor in the Chapter 11 proceeding, including numerous telephone conferences and correspondence with and to Debtor, the creditors committee, and other parties in interest.

The following represents a description of specific issues that the debtor is required to resolve before a plan can be confirmed or the case otherwise resolved:

The Debtor must file its Plan of Reorganization and Disclosure Statement and seek approval of same for dissemination to creditors. Objections to the Disclosure Statement, if any, must be resolved and objections to the Plan, if any, must be resolved. The Plan must be voted on and confirmed, if possible.

The following represents the status of the above specific issues and their resolution:

None. Assuming there are no objections to the Disclosure Statement, dissemination of the Plan and voting thereon should to occur swiftly.

The following represents the items that need to be completed before the case can be confirmed or otherwise brought to a conclusion:

See above.