**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 11 |
| TIMBERVIEW VETERINARY | : | |
| HOSPITAL, INC. | : | CASE NO. 1-14-02535 |
| Debtor | : | |
| | : | Small Business Case under Chapter 11 |

**TIMBERVIEW VETERINARY HOSPITAL, INC.'S PLAN OF REORGANIZATION, DATED MARCH 27, 2015**

**ARTICLE I**
**SUMMARY**

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Timberview Veterinary Hospital, Inc. (the "Debtor") with cash flow from operations and future income.

This Plan provides for one class of secured claims; one class of unsecured claims; and one class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 10 cents on the dollar. This Plan also provides for the payment of administrative and priority claims in full on or before 5 years after the Effective Date, together with interest at 3.25% per annum.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

**ARTICLE II**
**CLASSIFICATION OF CLAIMS AND INTERESTS**

2.01 <u>Class 1</u>. All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

2.02 <u>Class 2</u>. The claim of the United States of America, Internal Revenue Service, to the extent allowed as a secured claim under § 506 of the Code.

2.03 <u>Class 3</u>. All unsecured claims allowed under §502 of the Code.

1

2.04    Class 4.    Equity interests of the Debtor.

# ARTICLE III
# TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims. Under section §1123(a)(1), administrative expense claims and priority tax claims are not in classes.

3.02    Administrative Expense Claims. As more fully set forth below, each holder of an administrative expense claim allowed under §503 of the Code will be paid in full on the Effective Date of this Plan (as defined in Article VIII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor:

| Claimant | Type | Amount | Treatment |
|---|---|---|---|
| Mette, Evans & Woodside | 503(b)(2) | $15,000.00* (estimated) | Payment in full, in cash, on the Effective Date of this Plan as defined in Article VIII. |

3.03    Priority Tax Claims. Each holder of priority tax claim allowed under §507 of the Code will be paid the total value, as of the Effective Date of the plan, equal to the allowed amount of such claim on or before 5 years from the Petition Date, together with interest at 3.25%, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

| Claimant | Type | Amount | Treatment |
|---|---|---|---|
| Internal Revenue Service | 507(a)(8) | $155,059.01 | Payment in full, in cash, with interest at 3.25% in 60 equal monthly installments of $2,803.47 beginning on the Effective Date and ending on the 60th month thereafter. |
| PA Dept. of Revenue | 507(a)(8) | $13,518.10 | Payment in full, in cash, with interest at 3.25% in 60 equal monthly installments of $244.41 beginning on the Effective Date and ending on the 60th month thereafter. |

3.04    United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

2

# ARTICLE IV
# TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
| --- | --- | --- |
| Class 1 – Non-Tax Priority Claims | Not Impaired | Class 1 is unimpaired by this Plan, and each holder of an Allowed Class 1 Priority Claim will be paid in full, in cash, upon the later of the Effective Date of this Plan as defined in Article VIII, or the date on which such claim is allowed by a final non-appealable order. |
| Class 2 – Secured Claim of Internal Revenue Service | Impaired | Payment in full, in cash, with interest at 3.25% in 60 equal monthly installments of $468.55 beginning on the Effective Date and ending on the 60th month thereafter. |
| Class 3 - General Unsecured Creditors | Impaired | Payment of up to 5% of allowed claims payable in quarterly pro-rata cash distributions from future revenues beginning on the Effective Date of this Plan as defined in Article VIII, or the date upon which any such claim is allowed by a final non-appealable order, and ending 60 months thereafter. |
| Class 4 - Equity Interest | Impaired | All Equity Interests shall be canceled on the Effective Date of this Plan and shall be of no further force or effect. |

# ARTICLE V
# ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

3

Case 1:14-bk-02535-RNO    Doc 83    Filed 03/27/15    Entered 03/27/15 15:41:32    Desc
                    Main Document      Page 3 of 14

# ARTICLE VI
# PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 **Assumed Executory Contracts and Unexpired Leases**.

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the Effective Date of this Plan as provided in Article VIII:

(i) March 24, 2010 Lease Agreement with US Bancorp for a 15 Watt Medical Laser, and all amendments thereto. Lease is not currently in default. However, any subsequently identified Default will be cured on the Effective Date.

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the Effective Date of this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than twenty-eight (28) days after the date of the order confirming this Plan.

# ARTICLE VII
# MEANS FOR IMPLEMENTATION OF THE PLAN

7.01 **Retention of Assets**. All of the Debtor's remaining assets other than those sold or abandoned prior to the Effective Date will remain with the Debtor.

7.02 **Satisfaction of Liens**. This Plan provides for satisfaction of all liens, claims, encumbrances or interests against property of the Debtor's Estate either through payment in full on the Effective Date of this Plan (as defined in Article VIII), in cash, or upon such other terms as may be agreed upon by the holder of such lien or liens.

7.03 **Cancelation/Issuance of Stock**. On the Effective Date, all notes, stock, instruments, certificates, and other documents evidencing any Claims or Equity Interests shall be canceled, shall be of no further force, whether surrendered for cancellation or otherwise, and the obligations of the Debtor thereunder or in any way related thereto shall be discharged (the "Canceled Stock"). Upon such cancelation, new stock shall immediately be issued to the New Equity Owner in an amount equal to the Canceled Stock for the total consideration of $1.00. Such stock shall be issued free and clear of all liens, claims, encumbrances and interests.

7.04 **Source of Payments**. Payments and distributions under the Plan will be funded by the revenues and profits generated from the operation of reorganized Timberview Veterinary Hospital, Inc.

7.05 **Post-confirmation Management**. The reorganized Debtor shall be managed and operated by Sara Mummert, who is knowledgeable and experienced in the business of operating a veterinary clinic.

# ARTICLE VIII
# GENERAL PROVISIONS

       8.01    Definitions and Rules of Construction. Except as expressly otherwise provided or unless the context otherwise requires, all capitalized terms not otherwise defined herein shall have the meanings assigned to them in this Article 8 of the Plan. Any term used in the Plan that is not otherwise defined herein, but that is defined in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules. Whenever the context requires, all such terms, whether or not specifically defined, shall include the plural as well as the singular form, the masculine gender shall include the feminine and the feminine shall include the masculine.

       8.1.01   Administrative Expense. Any right to payment constituting a cost or expense of administration of the Chapter 11 Case under Sections 503(b) and 507(a)(1) of the Bankruptcy Code, including, without limitation, any actual and necessary costs and expenses of preserving Debtor's estate, any actual and necessary costs and expenses of operating Debtor's business and any indebtedness or obligations incurred or assumed by Debtor, as debtor in possession, during the Chapter 11 Case.

       8.1.02   Allowed Claim. A Claim (including an Administrative Expense Claim) or any portion thereof, (a) proof of which was filed before the Claims Bar Date, or, with respect to an Administrative Expense Claim, a properly tiled proof of claim, request or motion for which was filed before the Administrative Claims Bar Date, or, if no proof of claim is filed, that has been or hereafter is listed by Debtor in its Schedules in a liquidated amount and as not disputed or contingent, (b) as to which no objection to its allowance, or motion for its estimation, has been filed within the period of limitation fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules or by any Final Order of the Bankruptcy Court, or as to which an objection has been filed and such Claim has been allowed in whole or in part by a Final Order or such objection has been settled or withdrawn, and (c) the amount of which has been liquidated and the liability therefore deemed non contingent. An Allowed Claim shall be reduced by all post-petition payments that have been made to Holders of Allowed Claims and that are allocable to principal and accrued pre-petition interest. Notwithstanding the forgoing, pursuant to Section 502(d) of the Bankruptcy Code, 11 U.S.C. § 502(d), no Claim shall be an Allowed Claim on behalf of any entity from which the Court has determined that property is recoverable under Sections 542, 543, 550, or 553 of the Bankruptcy Code, or that is a transferee of a transfer avoidable under Sections 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable to the Estate. Except with respect to Claims in Classes 2, 3 and 5, an "Allowed Claim" shall not include any interest on a Claim that has accrued after the Filing Date, except as expressly provided for in the Plan or pursuant to a Final Order of the Bankruptcy Court and an "Allowed Claim" in a particular Class shall not include any portion of a Claim that has been subordinated to the Claims of the Class to which it would otherwise belong absent such subordination.

       8.1.03   Bankruptcy Code. The United States Bankruptcy Code, as codified in Title 11 of the United States Code, and all amendments thereto.

8.1.04   Bankruptcy Court.  The United States Bankruptcy Court for the Middle District of Pennsylvania, Harrisburg Division, or, to the extent the reference of this proceeding is withdrawn, the United States District Court for the Middle District of Pennsylvania, or such other court of the United States which may have jurisdiction over the Chapter 11 Case.

8.1.5   Bankruptcy Rules.  The Federal Rules of Bankruptcy Procedure, as amended, promulgated under 28 U.S.C. § 2075.

8.1.6   Causes of Action.  All claims, rights, actions, causes of action, suits, or proceedings whatsoever, owned, held or instituted by, or on behalf of, Debtor or Debtor's Estate, whether with or without the cooperation of Debtor, or whether in a direct or derivative capacity, and any and all rights or causes of action to recover damages or losses under non-bankruptcy law, or to avoid or recover any transfers under Sections 544, 547, 548, 549, 550, 551 and 553 or any other section of the Bankruptcy Code and any rights or causes of action belonging to, or held by, Debtor or its Bankruptcy Estate under non-bankruptcy law.

8.1.7   Claim.  A right to payment or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment against Debtor whether or not asserted against Debtor and whether or not such right is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, secured or unsecured as defined in Section 101(5) of the Bankruptcy Code.

8.1.8   Claimant.  A Person holding a Claim.

8.1.9   Class.  Any group of substantially similar Claims as classified herein pursuant to Sections 1122 and 1123(a) (1) of the Bankruptcy Code.

8.1.10   Confirmation Date.  The date upon which the Confirmation Order is entered by the Bankruptcy Court.

8.1.11   Confirmation Order.  The Order entered by the Bankruptcy Court confirming the Plan.

8.1.12    Debtor.  Timberview Veterinary Hospital, Inc.

8.1.13   Disclosure Statement.  The disclosure statement filed by Debtor in connection with this Plan pursuant to 11 U.S.C. § 1125, as may be further amended by Debtor from time to time.

8.1.14   Disputed Claim.  Any alleged Claim that has been Scheduled as a Disputed Claim or as to which a timely proof of claim has been filed (or, in the case of an Administrative Expense Claims, a timely and properly filed proof of claim, motion or request seeking its allowance has been filed) to the extent such Claim is neither an Allowed Claim nor a Disallowed Claim.  Disputed Claims shall be deemed to include, without limitation, Claims that are listed as being disputed in the Plan or the Disclosure Statement, as well as Claims for which Debtor objects prior to the passage of any applicable deadline for asserting such objection.

6

8.1.15    Effective Date.  The date defined in Section 8.02 of this Plan.

8.1.16    Estate.  The estate created in the Chapter 11 Case pursuant to Section 541 of the Bankruptcy Code, including any proceeds of the Property of such Estate.

8.1.17    Fee Request.  A request for compensation or reimbursement of expenses pursuant to Sections 327, 328, 330, 331 or 503(b) of the Bankruptcy Code in connection with an application made to the Bankruptcy Court.

8.1.18    Final Order.  An order or judgment entered by the Bankruptcy Court or any other court of competent jurisdiction over the subject matter and the parties (a) that is in full force and effect and that has not been stayed (and as to which no stay of enforcement is in effect pursuant to Federal Rules of Bankruptcy Procedure 3020, 4001, 6004, 6006 and 7062), reversed, modified or amended, (b) as to which the time to appeal or seek certiorari, review or rehearing has expired (without regard to whether the time to seek relief from a judgment under Bankruptcy Rule 9024 has expired) and (c) as to which no appeal or petition for certiorari, review or rehearing that was timely filed is pending.

8.1.19    Holder.  A Person holding either a Claim or an Interest.

8.1.20    Interest.  The equity interest in Debtor held by the Holder of an equity security.

8.1.21    New Equity Owner.  Individual with the exclusive right to receive new stock in exchange for the total consideration of $1.00.  The individual is Sara Mummert.  Mrs. Mummert is currently the sole equity owner and officer of the Debtor.

8.1.22    Notification Date.  The day not later than fifteen (15) calendar days after the Effective Date.

8.1.23    Petition Date.  May 30, 2014, the date on which Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code, thereby commencing the Chapter 11 Case.

8.1.24    Plan.  This Plan of Reorganization as amended, modified, or altered in accordance with applicable provisions of the Plan, Confirmation Order, Bankruptcy Code, Bankruptcy Rules or other Bankruptcy Court Order.

8.1.25    Plan Proponent.  Timberview Veterinary Hospital, Inc.

8.1.26    Priority Non-Real Estate Tax Claim.  Any Claim entitled to priority under Section 507 of the Bankruptcy Code, other than Claims set forth in Section 507(a)(2) and 507(a)(8)(b) of the Bankruptcy Code.

8.1.27    Professional Person.  Attorneys, accountants, appraisers, auctioneers, consultants, or other professionals within the meaning of Section 327 of the Bankruptcy Code.

8.1.28  Property.  All real, personal and intangible property, together with all associated improvements, fixtures, or proceeds, owned or held by Debtor or by Debtor's Estate or in which Debtor or Debtor's Estate has any interest, wherever located, including, without limitation, any item of property, right, claims, action or cause of action belonging to Debtor, Debtor-in-Possession, or Debtor's Estate.

8.1.29  Pro-Rata.  As used in the Plan with regard to distributions to Holders of Class 3 Claims, the term Pro-Rata shall mean a fractional share of the payments to be distributed with the numerator of the fraction being the value of the claimant's Allowed Claim and the denominator of the fraction being the total of the Allowed Amounts of all Claims in Class 3.

8.1.30  Scheduled.  With respect to any Claim, the status of such Claim as set forth in the Schedules.

8.1.31  Schedules.  The schedules of assets and liabilities filed by Debtor with the Bankruptcy Court, as they may have been or may be amended or supplemented on or prior to the Effective Date.

8.1.32  Secured Claim.  A Claim that is secured by a valid, unavoidable lien, security interest or other charge against property in which Debtor has an interest or that is subject to setoff under Section 553 of the Bankruptcy Code, to the extent of the value, determined in accordance with Section 506(a) of the Bankruptcy Code pursuant to a Final Order, including any Order confirming this Plan, or as otherwise agreed in writing between Debtor and the Holder of the Secured Claim, of the interest of the Holder of such Secured Claim in Debtor's interest in such property or to the extent of the amount subject to such setoff, as the case may be.  A Secured Claim may include post-petition interest if permitted under Section 506 of the Bankruptcy Code.

8.1.33  Unclassified Claim.  A Claim as defined in Section 3.01 of the Plan.

8.1.34  Unsecured Claim.  A Claim that is not secured by a valid lien, perfected, unavoidable, security interest, lien or other charge against property in which Debtor has an interest and that is not subject to setoff under Section 553 of the Bankruptcy Code; or that portion of a Claim that is subject to a valid lien, perfected, unavoidable security interest, lien or other charge in collateral that exceeds the value of the collateral.  Unsecured Claims do not include Administrative Expense Claims, Priority Non Tax Claims or Priority Tax Claims.

8.02  Effective Date of Plan.  The Effective Date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03  Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the Commonwealth of Pennsylvania govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

# ARTICLE IX
# DISCHARGE

9.01.    Discharge. On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the Effective Date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in §1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

9.02    Effect of Confirmation.

Except as otherwise expressly provided in the Plan, pursuant to sections 524 and 1141 of the Bankruptcy Code, on and after the Confirmation Date, the terms of this Plan shall bind all Holders of Claims, whether or not they accept this Plan.

9.03    Injunction.

Except as otherwise expressly provided in the Plan, the Confirmation Order will provide that all Persons who have held, hold or may hold Claims are, with respect to any such Claim, permanently enjoined on and after the Effective Date from: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative, or other forum) against or affecting the Estate or any of the Estate's Property; (b) enforcing, levying, attaching (including, without limitation, any pre judgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Estate or any of the Estate's Property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons, or any property of any such transferee or successor; (c) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Estate or any of the Estate's Property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons, or any property of any such transferee or successor; (d) asserting any setoff, right of subrogation or recoupment of any kind, directly or indirectly, against any obligation due the Estate or any of the Estate's Property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons, or any

9

property of any such transferee or successor; and (e) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

9.04    Limitation of Liability.

The Debtor, together with its advisors, accountants, attorneys and representatives (collectively, the "Exculpated Parties"), will neither have nor incur and are hereby released from any liability for any action taken or omitted to be taken after the Petition Date in connection with or related to the Bankruptcy Case or the formulation, preparation, dissemination, implementation, Confirmation or consummation of this Plan, the Disclosure Statement, or any agreement created or entered into in connection with this Plan; provided, however, that this limitation will not affect or modify the obligations created under this Plan, or the rights of any Holder of an Allowed Claim to enforce its rights under this Plan and shall not release any action (or inaction) constituting willful misconduct or fraud (in each case subject to determination of such by final order of a court of competent jurisdiction); provided that any Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities (if any) under this Plan and such reasonable reliance shall form an absolute defense to any such claim, cause of action, or liability.  Without limiting the generality of the foregoing, each Exculpated Party shall be entitled to and granted the protections of section 1125(e) of the Bankruptcy Code.

9.05    Continuation of Injunctions and Stays.

Unless otherwise provided, all injunctions or stays: (a) ordered in the Chapter 11 Case pursuant to sections 105(a) or 362 of the Bankruptcy Code or otherwise, and (b) in existence on the Confirmation Date, shall remain in full force and effect until the Chapter 11 case is closed.

## ARTICLE X
## DISTRIBUTION PROVISIONS

10.01   Amendment of Claims.  A claim may be amended prior to the Confirmation Date only as agreed upon by the Debtor and the holder of such Claim or as otherwise permitted by the Bankruptcy Court, the Bankruptcy Code, the Bankruptcy Rules, or applicable law. After the Confirmation date, a Claim may be amended to decrease, but not increase, the amount thereof.

10.02   Transmittal of Distributed Property.  Except as may otherwise be agreed to by the holder of a particular Claim, any property to which such holder shall become entitled under the provisions of this Plan, shall be delivered to such holder by regular mail, postage prepaid, in an envelope addressed to such holder as he or his authorized agent may direct in a request filed, on or before the Effective Date, with the Bankruptcy Court, but if no such request is filed, to the address shown on the Debtor's Schedules, or, if a different address is stated in a proof of claim duly filed by such holder, to such address. In all cases where delivery or distribution of any property is effectuated by mail, the date of delivery or distribution shall be the date of mailing. Property delivered in accordance with this section will be deemed delivered to the holder regardless of whether such properties actually received by such holder.

10.03  Distribution Agent.  A qualified Distribution Agent shall be selected by the Debtor and approved by the Court no later than 10 days prior to the Confirmation Hearing on this Plan.  The Distribution Agent shall be entitled to reasonable compensation from the plan payments for services rendered pursuant to his appointment. The Distribution Agent shall be entitled to compensation without approval by the Bankruptcy Court, provided that the Distribution Agent serves a copy of the detailed invoice describing the services for which compensation is sought upon the Office of the United States Trustee and said party receiving service has not moved for review of such compensation by the Bankruptcy Court within ten (10) days of such service.

10.04  Disputed Payments.  In the event that any dispute arises as to the right of any holder of an Allowed Claim to receive any payment or distribution to be made under the Plan, the Debtor may, in lieu of making such payment or distribution to such holder, pay such amount or make such distribution into an escrow account until the disposition thereof is determined by order of the Bankruptcy Court or by written agreement among the interested parties to such dispute.

10.05  Withholding of Taxes.  The Debtor shall not be required to deduct any federal, state or local withholding taxes from any payments made with respect to Allowed Claims.

10.06  Procedure for Making Payments.  All payments to the holders of Allowed Claims shall be made as set forth above in section 10.02. In the event any payments are returned as undeliverable or if the payment check has not been negotiated for period of sixty (60) days after mailing, the Debtor shall make reasonable efforts to ascertain the current address for the holder of the Allowed Claim for period of no fewer one hundred twenty (120) days after payment was originally sent. Thereafter, if the current address of the holder has not been ascertained, with the payment check has not been negotiated, within such one hundred twenty (120) day period, the payment check shall be void, and the funds evidenced by the check shall be forfeit.

## ARTICLE XI
## RETENTION OF JURISDICTION

11.01  Notwithstanding confirmation of the Plan, the Bankruptcy Court shall retain jurisdiction over all matters arising out of, and relating to, this Chapter 11 Case and the Plan pursuant to all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules. The Bankruptcy Court, without limitation, shall retain jurisdiction for the following purposes:

11.1.01  To hear and determine all objections to the allowance, estimation or classification of Claims and Interests both before and after the Confirmation Date and to allow or disallow, estimate or classify any Claims;

11.1.02  To hear, determine, allow and approve or disapprove the payment of any Administrative Expense and Fee Requests not previously allowed;

11.1.03  To hear and rule on any pending applications for assumption or rejection of executory contracts and unexpired leases and to determine the amount of damage, if any,

11

suffered by a party to any rejected executory contract or unexpired lease whether rejected before or after the Confirmation Date and to allow or disallow any Claim resulting from the rejection of an executory contract or unexpired lease;

 11.1.04 To hear and determine all applications, motions, adversary proceedings or contested matters initiated or commenced in the Bankruptcy Court by the Debtor or by any party in interest and pending on the Confirmation Date or filed prior to the Completion Date;

 11.1.05 To enforce and interpret the Plan, to resolve any disputes arising under or in connection with the Plan, to effectuate payments under the Plan, and/or compel performance of any Person in accordance with the provisions of the Plan;

 11.1.06 To correct any defect, to cure any omission, or to reconcile any inconsistency in the Plan or in the Confirmation Order as may be necessary or advisable to carry out the intent and purpose of the Plan;

 11.1.07 To issue an enforce any order necessary to carry out the Plan and to determine such other matters as may be provided in the Confirmation Order or otherwise deemed appropriate to accomplish its purposes;

 11.1.08 To hear, determine, and enforce recovery of any assets or bankruptcy causes pursued by the Debtor, or any entity acting on behalf of the Debtor with the permission of the Bankruptcy Court, or to authorize the prosecution of same and such other courts as may be required by law;

 11.1.09 To hear and determine matters concerning state, local, and federal taxes in accordance with Sections 346, 505, and 1146 of the Bankruptcy Code;

 11.1.10 To hear any other matter not inconsistent with the Bankruptcy Code;

 11.1.11 To consider any modification of the Plan under Section 1127 of the Bankruptcy Code; and

 1111.12 To enter a final decree closing the Chapter 11 Case.

## ARTICLE XII
## OTHER PROVISIONS

 12.01 <u>Retention and Enforcement of Claims</u>.  Pursuant to Section 1123(b)(3) of the Bankruptcy Code, the Debtor, its successors and assigns, shall retain and may enforce its Causes of Action and any and all claims of the Debtor and or the Debtor-in-Possession.

 12.01 <u>Fee Requests of Professional Persons</u>.  Any and all Professional Persons retained or requesting compensation pursuant to Sections 327, 328, 330, 331 and 503(b) of the Bankruptcy Code for professional services performed and expenses incurred before the Confirmation Date shall file a Fee Request for final allowance of compensation and

reimbursement of expenses with the Bankruptcy Court not later than twenty (20) days after the Confirmation Date. Objections to Fee Requests shall be filed, if at all, within twenty (20) days after the Fee Request is filed with the Bankruptcy Court. Not less than ten (10) days before the Confirmation Date, each Professional Person shall deliver to the Debtor by written notice and estimate of the fees and expenses for which such Professional Person shall apply in a Fee Request. Professional Persons shall not be required to file Fee Requests for professional services rendered and expenses incurred after the Confirmation Date.

12.02 <u>Objections to Claims</u>. Objections to the validity and/or amount of Claims shall be filed by the Debtor with the Bankruptcy Court on or before the tenth (10th) day following approval of the Debtor's Disclosure Statement. The Debtor shall serve a copy of such objection upon the holder of the alleged claim to which it pertains.

12.03 <u>Provisions of Confirmation Order</u>. The Confirmation Order shall contain provisions (i) authorizing the Debtor to take or cause to be taken all actions necessary to enable it effectively to implement all of the provisions of the Plan; (ii) making the provisions of the Confirmation Order non-severable and mutually dependent; and (iii) that are in a form and substance reasonably acceptable to the Debtor.

12.04 <u>Pre-Payment of Claims Without Penalty</u>. The Debtor reserves the right to prepay any or all of the payments set forth in the Plan without penalty.

## ARTICLE XIII
## MODIFICATION OF THE PLAN

13.01 <u>Pre-Confirmation Amendment</u>. The Debtor may modify its Plan at any time prior to the entry of the Confirmation Order provided that the Plan, as modified, and the Disclosure Statement pertaining thereto, meet applicable Bankruptcy Code requirements.

13.02 <u>Post-Confirmation Amendment Not Requiring Re-Solicitation</u>. After the Confirmation Date and before substantial consummation of the Plan as defined in Section 1101(2) of the Bankruptcy Code, the Debtor may modify its Plan to remedy any defect or omission would reconcile any inconsistencies in the Plan or in the Confirmation Order, as may be necessary to carry out the purpose and effect of the Plan, provided that: (i) the Plan, as modified, meets applicable Bankruptcy Code requirements; (ii) the Debtor obtains approval of the Bankruptcy Court for such modification, after notice and a hearing; and (iii) such modification shall not materially and adversely affect the interests, rights or treatment of any Class of Allowed Claims under the Plan.

13.02 <u>Post-Confirmation/Pre-Consummation Amendment Requiring Re-solicitation</u>. After the Confirmation Date and before substantial consummation of the Plan, as defined in section 1101(2) of the Bankruptcy Code, the Debtor may modify its Plan in a way that materially adversely affects the interests, rights or treatment of a Class of Claims provided that: (i) the Plan, as modified, meets applicable Bankruptcy Code requirements; (ii) the Debtor obtains Bankruptcy Court approval for such modification, after notice and hearing; (iii) such modification is accepted by at least two-thirds in amount, and more than one-half in number, of the Allowed Claims

voting in such Class; and (iv) the Debtor complies with Section 1125 of the Bankruptcy Code with respect to the Plan as modified.

## ARTICLE XIV
## CRAM-DOWN

If all of the applicable requirements for confirmation of the plan are met as set forth in section 1129(A) of the Bankruptcy Code except subsection (8) thereof, the Debtor may request that the bankruptcy court confirm the Plan pursuant to Section 1129(b) of the Bankruptcy Code, notwithstanding the requirements of subsection (8), on the basis that the Plan is fair and equitable and does not discriminate unfairly with respect to any non-accepting impaired Class or Classes of Claims or Interests.

## ARTICLE XV
## LIQUIDATION

If this proceeding was converted to Chapter 7, no distribution to allowed unsecured, non-priority claims would be made. The Plan, as set forth herein, proposes a 5% pro-rata distribution to allowed unsecured, non-priority claims. Accordingly, the proposed Plan is beneficial to class 3 creditors.

## ARTICLE XV
## REQUEST FOR CONFIRMATION

The Debtor, as proponent of the Plan, requests confirmation of the Plan in accordance with Section 1129(a) or 1129(b) of the Bankruptcy Code.

Respectfully submitted,

TIMBERVIEW VETERINARY HOSPITAL, INC.

*s/Sara Mummert*

Date: March 27, 2015  By: _____
Sara Mummert, President

Counsel for Debtor:

*s/Henry W. Van Eck*
_____
Henry W. Van Eck, Esquire
METTE, EVANS & WOODSIDE
3401 North Front Street
Harrisburg, PA 17110
(717) 232-5000
**hwvaneck@mette.com**