## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                              :
                                    :     CASE NO. 1:14-02535
TIMBERVIEW VETERINARY               :
HOSPITAL INC.                       :
                                    :     CHAPTER 11
           Debtor                   :

## AMENDED MOTION FOR ENTRY OF A FINAL DECREE AND ORDER CLOSING CHAPTER 11 CASE PURSUANT TO 11 U.S.C. §350(a)

The Amended Motion of Timberview Veterinary Hospital Inc., Debtor-in-Possession, by and through its counsel, Mette, Evans & Woodside, for entry of a final decree pursuant to 11 U.S.C. §350(a) (the "Motion") is as follows:

### Background

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution.

2. The legal basis for the relief requested herein is 11 U.S.C. §§105(a) and 350(a). Such relief is also warranted under Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. On May 30, 2014 (the "Petition Date"), Timberview Veterinary Hospital, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Pennsylvania.

4. The Debtor operated its business as a debtor in possession pursuant to section 1107 of the Bankruptcy Code throughout these bankruptcy proceedings.

5. The Debtor's Amended Chapter 11 plan of reorganization was filed on May 27, 2015 (the "Plan").

6. The Bankruptcy Court approved the Plan at a confirmation hearing on July 16, 2015 (the "Confirmation Date") and entered its Order Confirming Debtor's Amended Chapter 11 Plan of Reorganization (the "Confirmation Order"). No appeals have been filed from the Confirmation Order and such Order is a final Order.

7. The Plan became effective on July 30, 2015, fourteen days after the Confirmation Date pursuant to section 8.02 if the Plan (the "Effective Date").

8. On July 9, 2015, the Court entered an order approving Leon P. Haller as distribution agent (the "Distribution Agent"), as required under section 10.03 of the Plan.

9. As of the date of this Motion, Debtor has commenced making payments towards the repayment of creditors under the terms of its confirmed Plan of Reorganization.

10. As described below, the Plan has been substantially consummated as of the date of this Motion.

11. All initial distributions under the plan have been made and ongoing monthly and quarterly distributions are being made in accordance with the Plan.

12. The Distribution Agent has resolved and/or settled any and all adversary proceedings and/or other disputes in this Chapter 11 case.

13. All administrative claims have been paid and all other expenses arising from the administration of the estate, including court fees, fees payable to the Office of the United States Trustee, and expenses have been paid or will be paid as provided for in the Plan.

## The Relief Requested and the Reasons Therefor

14. By this Motion, and pursuant to L.B.R. 3022-1, the Debtor seeks the entry of a final decree closing this Chapter 11 case. L.B.R. 3022-1 provides as follows:

   a. Motion. A motion for a final decree must certify that the estate is fully administered and list all pending adversary proceedings related to the case.

   b. Service of Motion. The motion must be served on all secured creditors and any committee appointed under 11 U.S.C. § 1102, or its authorized agent. If no committee of unsecured creditors has been appointed under § 1102, the motion must be served on the creditors included on the list filed under F.R.B.P. 1007(d).

L.B.R. 3022-1(a) and (b).

15. Bankruptcy Rule 3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on the motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

16. "Bankruptcy Rule 3022 is intended to allow bankruptcy courts flexibility in determining whether an estate is fully administered." *In re Federated Dept. Stores, Inc.*, 43 F. Appx. 820, 822 (6th Cir. 2002).

17. According to the 1991 Advisory Committee Note to Bankruptcy Rule 3002 (the "Note"), factors that a court should consider in determining whether the estate has been fully administered include whether (a) the order confirming the plan has become final, (b) deposits required by the plan have been distributed, (c) the property proposed by the plan to be transferred has been transferred, (d) the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (e) payments under the plan have commenced, and (f) all motions, contested matters, and adversary proceedings have been finally resolved.

18. A bankruptcy court has flexibility in conducting its analysis, and the enumerated factors set forth in the Note are non-exclusive and not obligatory. *Federated*, 43 F. Appx. at 822.

19. Importantly, both courts and the Note have emphasized that the entry of a final decree "should not be delayed solely because the payments required by the plan have not been completed." *In re Kliegl Bros Uni. Elect Stage Lighting Co., Inc.*, 238 B.R. 531, 541 (Bankr. E.D.N.Y. 1999) (quotation omitted).

20. Each of the above referenced factors, to the extent relevant, has been satisfied with respect to this Chapter 11 case: (a) the Confirmation Order has become final; (b) the Distribution Agent has assumed the management of the administration of the estate, as contemplated by the Plan; (c) payments under the Plan have commenced; and (d) all motions, contested matters, and adversary proceedings have been resolved.

21. Application of the relevant factors to this case favor granting the relief requested herein. The plan has been substantially consummated. The Debtor does not expect that any additional matters will be filed in this Chapter 11 case once the case has been closed. The Disbursing Agent has been directed to pay all fees which may become due hereafter to the Office of the United States Trustee as and when due.

22. Pursuant to Section 350(b) of the Bankruptcy Code, the Court retains jurisdiction to reopen this Chapter 11 case for further administration in the unlikely event that is necessary.

23. The relief sought herein will not prejudice any other party in interest. Moreover, closing the Chapter 11 case would relieve the burden to the Court's docket as well as the payment of further administrative fees by the Disbursing Agent.

24. Based on the foregoing, the Debtor avers that, as of the filing of this Motion, the estate of the Debtor has been fully administered. Accordingly, the Debtor respectfully submits that, under the circumstances, it is appropriate for the Court to enter a final decree closing this Chapter 11 case.

**Conclusion**

25. For all of the foregoing reasons, the Debtor respectfully requests that this Court enter an order closing this Chapter 11 case.

WHEREFORE, the Debtor respectfully requests the entry of an order granting the relief requested herein, and such other relief as is proper and just.

Respectfully Submitted,

METTE, EVANS & WOODSIDE

Date: November 20, 2015    By: */s/ Henry W. Van Eck*
Henry W. Van Eck, Esq.
Mette, Evans & Woodside
3401 N. Front Street
Harrisburg, PA 17110-0950
Phone: 717-232-5000
*Attorney for Timberview Veterinary Hospital, Inc., Debtor-in-Possession*

887451v1